IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. CR-99-159-D |
| CLIFFORD JOHNSON, | ) ) ) | |
| Defendant. | ) ) | |

## **O R D E R**

Before the Court is Defendant's Motion for Early Termination of Supervised Release [Doc. No. 69]. Defendant is currently serving a five-year term of supervised release that began June 26, 2015. Defendant states he has consistently met all conditions of supervision, has been continuously employed, and has become a published author. Defendant asserts that promoting his books requires him to travel throughout the country to various events, often based on last-minute requests, and the requirement of supervision that he obtain advance permission to travel restricts his ability to advance his writing career. Defendant contends this restriction constitutes a sufficient hardship to warrant early discharge from his term of supervised release pursuant to 18 U.S.C. § 3583(e).

The government has responded in opposition to the Motion and has provided information supplied by Defendant's supervising probation officer. The government does not disagree that Defendant has been compliant with his conditions of supervision, but contends that based on his count of conviction and other facts regarding his conduct under supervision (particularly a brief transfer to Houston), Defendant should remain on

supervised release at this time. Regarding travel for his writing career, the probation officer states that Defendant has travelled to book-signing events on weekends, and none of his requests for travel to those events has been denied.

Defendant pleaded guilty on November 4, 1999, to distributing cocaine base in violation of 21 U.S.C. § 841(a)(1), and was sentenced on April 5, 2000, to a 210-month term of imprisonment. He has filed multiple post-conviction motions, most recently for reductions of his sentence pursuant to 18 U.S.C. § 3582(c)(2), all of which were denied. Defendant was released from custody on June 26, 2015, and has been supervised by a probation officer in this district. If he successfully completes the remainder of his five-year term of supervision, it will end June 26, 2020.

A district court has discretionary authority to terminate a term of supervised release and discharge the defendant at any time after the expiration of one year of supervision if, after considering certain § 3553 factors, the court is "satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1); *see Rhodes v. Judiscak*, 676 F.3d 931, 933 (10th Cir. 2012).

Upon consideration of Defendant's Motion in light of the information provided by the government, the Court finds that early termination of Defendant's term of supervised release is not warranted at this time. The Court commends Defendant for the progress that he has made during his period of supervision, and encourages him to continue his positive efforts. The Court finds that Defendant's current request should be denied without prejudice to resubmission at an appropriate time in the future.

IT IS THEREFORE ORDERED that Defendant's Motion for Early Termination of Supervised Release [Doc. No. 69] is DENIED, as set forth herein.

IT IS SO ORDERED this 8th day of February, 2017.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE