## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CR-99-159-D |
| | ) | |
| CLIFFORD JOHNSON, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is Defendant Clifford Johnson's Motion for Early Termination of Supervised Release [Doc. No. 73], filed *pro se* pursuant to 18 U.S.C. § 3583(e)(1). Defendant began serving a five-year term of supervised release on June 26, 2015; the term will otherwise expire in June 2020. Defendant previously requested early termination of his supervised release term on February 1, 2017; the request was denied without prejudice to resubmission. *See* Order [Doc. No. 71]. Defendant now states that he has remained in compliance with his conditions of supervision and that a possible move to Washington, D.C. with his fiancé (who anticipates a job transfer) would benefit his career as a published book author.

The government has responded in opposition to the Motion. The government provides information regarding Defendant's compliance with conditions of supervised release, and represents that the United States Probation Office also objects to early termination of Defendant's supervision. The government reports that Defendant violated a condition of supervised release in March 2017, soon after the Court denied his prior request, by travelling to Texas without prior permission and having contact with the

Hearne, Texas police department for a traffic violation. The government further notes the seriousness of Defendant's offense of conviction and his lengthy history of criminal conduct as a juvenile offender, prior to the offense in this case.

A district court has discretionary authority to terminate a term of supervised release and discharge the defendant at any time after expiration of one year of supervision if, after considering certain § 3553 factors, the court is "satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." *See* 18 U.S.C. § 3583(e)(1); *see also Rhodes v. Judiscak*, 676 F.3d 931, 933 (10th Cir. 2012).

Upon consideration of Defendant's request, the Court finds that early termination of Defendant's term of supervised release is not warranted at this time. The Court commends Defendant for his positive efforts to become a productive member of society and his progress in completing his term of supervision. However, the Court believes that Defendant would benefit from continued supervision at this time. Therefore, the Court finds that Defendant's request should against be denied without prejudice to resubmission in the future.

IT IS THEREFORE ORDERED that Defendant's Motion for Early Termination of Supervised Release [Doc. No. 73] is DENIED, as set forth herein.

IT IS SO ORDERED this 7th day of May, 2018.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE